IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02407-PSF-CBS

NAPOLEON H. RUSS,
    Plaintiff,
v.

ROBERT INHOFF, C.O.,
NANCY WITT,
RENE BEBOUT, and
JANICE BAKER,
    Defendants.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

This civil action comes before the court on *pro se* Plaintiff Russ' ". . . Motion to Leave to Amend: Rule 15 - Title VII, Civil Rights Act - 1964 [sic]" (filed June 22, 2007) (doc. # 52) (docketed by the Clerk of the Court as "Motion to Amend/Correct/Modify" Complaint (*see* doc. # 54)). Pursuant to the Order of Reference dated January 9, 2007 (doc. # 10) and the memorandum dated November 13, 2007 (doc. # 58), this matter was referred to the Magistrate Judge. The court has reviewed Mr. Russ' Motion, the Response filed by Defendants Robert Inhoff, Rene Bebout, and Janice Baker on July 6, 2007 (doc. # 53), Mr. Russ' Reply (filed July 20, 2007) (doc. # 55), Mr. Russ' Supplement (filed September 4, 2007) (doc. # 56), the pleadings, the entire case file and the applicable law and is sufficiently advised in the premises.[1]

---

[1] The court's records reflect that Defendant Nancy Wilt has not been served in this civil action. (*See* unexecuted return of service (doc. # 19)).

1

I.   Statement of the Case

Mr. Russ commenced this civil action in his *pro se* capacity on November 24, 2006, with the filing of his Motion and Affidavit to Proceed Pursuant to 28 U.S.C. § 1915. (*See* doc. # 1). In his initial Complaint, Mr. Russ named as Defendants Robert Einhoff, C.O. [sic], Nancy Wilt, Rene Bebout, and Janice Baker. (*See* doc. # 3). Mr. Russ filed an Amended Title VII Complaint on December 7, 2006, naming Defendants Robert Inhoff, C.O., Nancy Wilt, Rene Bebout, and Janice Baker. (*See* doc. # 4). Mr. Russ alleged pursuant to Title VII, 42 U.S.C. § 2000e-5, that he was terminated from his employment on August 4, 2005 based on his disabilities and his age. (*See, e.g.*, Amended Complaint (doc. # 4) at pp. 1,2; EEOC Charge of Discrimination (doc. # 18 at p. 5 of 8)).

On March 8, 2007, Mr. Russ filed his "Motion: Clarify Filing of Complaint [sic]" (doc. # 24), addressing the date of filing of his Complaint. On March 19, 2007, Mr. Russ filed "Motion and Order: Deny Motion to Dismiss Plaintiff's Complaint, Motion to Amend Service to Employers [sic]," (identical docs. # 28 and # 29), seeking to "Serve, American Baptist Homes and Mountain Vista Healthcare Center, the Employers." (*See* doc. # 28 at p. 4 of 6 ¶¶ 12-14). Mr. Russ did not move to amend his pleading or tender an amended pleading. At a status conference held on March 26, 2007, the court notified Mr. Russ that he had not yet properly named his employer in the Complaint, the Amended Complaint, or an amended pleading. (*See* Courtroom Minutes/Minute Order (doc. # 31)). *See Sauer v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993) ("The relief granted under Title VII is against the *employer*, not individual employees whose

actions would constitute a violation of the Act.") (internal quotation marks and citation omitted) (emphasis in original). The court denied Mr. Russ' motions without prejudice and granted Mr. Russ' request for another opportunity to amend his pleadings. (*See* Courtroom Minutes/Minute Order (doc. # 31)). The court directed Mr. Russ to Fed. R. Civ. P. 15(a) and explained the necessity of attaching a proposed amended pleading. (*See id.*). *See Lambertson v. Utah Dept. of Corrections*, 79 F.3d 1024, 1029 (10th Cir. 1996) (district court did not abuse its discretion in denying plaintiff's motion to amend for failure to provide adequate explanation for delay in seeking amendment and for failure to provide a copy of the proposed amended pleading).

On April 6, 2007, Mr. Russ filed two documents: (1) "Motion/Pleading: Rule 15: Leave and Amend: Rule 15(a) of the Civil Procedures: Amendment Service to the Employer [sic]" (doc. # 32) and (2) "Motion/Pleading: Rule 15: Leave and Amend: Rule 15(a) of the Civil Procedures: Amend Filing Title VII to Employer [sic]" (doc. # 33), seeking to amend "his complaint to the Employer rather than the Employees working for the Employer." (*See* doc. # 32 at p. 1; doc. # 33 at p. 1). In the captions of these two documents, Mr. Russ named "American Baptist Homes of the Midwest aka the American Baptist Homes Association." (*See* docs. # 32 and # 33). Mr. Russ did not tender an amended pleading.

On May 22, 2007, Mr. Russ filed "Motion: 'Stay' Pursuant of Rule 15: Leave to Amend, and Rule 15, (c) Relate Back to Initial Complaint [sic]" and "Motion: 'Stay' Pursuant of Rule 15: Leave to Amend, and Rule 15, (c) Relate Back to Initial Complaint Revised [sic]." (*See* docs. # 43 and # 44). In the captions of these two documents, Mr.

3

Russ named Mountain Vista Health Center, American Baptist Homes, Baptist Homes Association of the Midwest, American Baptist Homes of the Midwest aka the American Baptist Homes Association (*see* doc. # 44) and Mountain Vista Health Center, American Baptist Homes, and Aramark. (*See* doc. # 43). Mr. Russ did not tender an amended pleading.

At a status conference held on June 7, 2007, the court denied Mr. Russ' pending motions without prejudice and permitted Mr. Russ another opportunity to amend his pleadings. On June 22, 2007, Mr. Russ filed the Motion currently before the court. Mr. Russ moves pursuant to Fed. R. Civ. P. 15 to add two Defendants not named in the Amended Complaint: "Baptist Homes Association of the Rocky Mountains, Inc." and "Mountain Vista Health Care Center, Inc." (*See* Motion to Amend (doc. # 52) at pp. 1, 5, 7 of 30). Mr. Russ has submitted a proposed amended pleading that names only "Baptist Homes Association of the Rocky Mountains, Inc." and "Mountain Vista Health Care Center, Inc." (*See* doc. # 52 at pp. 7-13 of 30). Defendants oppose Mr. Russ' proposed amendment because: (1) Mr. Russ has not exhausted his administrative remedies with respect to the two Defendants he proposes to add, and (2) he cannot meet the requirements of Fed. R. Civ. P. Rule 15(c) regarding relation back of an amendment.

II.     Standard of Review

Motions to amend are committed to the trial court's discretion. *Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1991). Leave to amend

4

should be freely given based on the balancing of several factors, including futility, delay, bad faith, dilatory motive, repeated failure to cure deficiencies, and prejudice to the opposing party. *Moore v. Reynolds*, 153 F.3d 1086, 1116 (10th Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 181-82 (1962)).

Nevertheless, "[t]he broad permissive language appearing in both the rule and the cases does not mean that there are no standards by which the trial court is to be guided." *Moore v. U.S./U.S. Dept. of Agriculture Forest Service*, 864 F. Supp. 163, 164 (D. Colo. 1994) (internal quotation marks and citation omitted). Although Fed. R. Civ. P. 15(a) requires leave to amend be given freely, that requirement does not apply where an amendment obviously would be futile. *T.V. Communications Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (citations omitted). Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted. *T.V. Communications Network, Inc.*, 964 F.2d at 1028. *See also Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.") (internal quotation marks and citation omitted); *Sheldon v. Vermonty*, 204 F.R.D. 679, 682 (D. Kan. 2001) (In order to determine whether a proposed amendment is futile, the court must analyze the proposed amendment as if it were before the court on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)).

The court is empowered to dismiss an action "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light

most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F. 3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)). The court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado*, 493 F. 3d at 1215 n. 2 (citing *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S. Ct. 1955, 1968-69 (2007) ("the old standard, 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief' is 'best forgotten as an incomplete, negative gloss on an accepted pleading standard'")).

"[I]n deciding a motion to dismiss pursuant to Rule 12(b)(6), a court may look both to the complaint itself and to any documents attached as exhibits to the complaint." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (citing Fed.R.Civ.P. 10(c)). *See also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (in addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account.).

Because Mr. Russ appears *pro se*, the court "review[s] his pleadings and other

papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

A. Analysis

1. Exhaustion of Administrative Remedies

On October 11, 2005, Mr. Russ filed a Charge of Discrimination ("Charge") with the United States Equal Employment Opportunity Commission ("EEOC"). (*See* Amended Complaint (doc. # 4) at p. 3 of 8; Charge (doc. # 18) at p. 5 of 8). In the Charge, Mr. Russ identified his employer as "Mountain Vista Health Center." (*See* doc. # 18 at p. 5 of 8). The EEOC issued a "Dismissal and Notice of Rights" on August 25, 2006. (*See* doc. # 18 at p. 4 of 8). The Notice expressly advised Mr. Russ that a lawsuit against the respondent, identified only as Mountain Vista Health Center, must be commenced within 90 days. (*See* doc. # 18 at p. 4 of 8). Legal counsel for Mountain Vista Health Center, Inc., Andrew Joppar, Esq. of Mountain States Employers Council, Inc., received a copy of the Notice by mail on August 28, 2006. (*See* Affidavit of Rene Bebout (doc. # 26-2) at ¶ 4).

Exhaustion of administrative remedies is a prerequisite to bringing suit under

7

Title VII. *See Shikles v. Sprint/United Management Co.*, 426 F.3d 1304, 1317 (10th Cir. 2005) (In the Tenth Circuit, exhaustion of administrative remedies is a jurisdictional prerequisite to instituting an action for employment discrimination under Title VII, "not merely a condition precedent to suit.") (citation omitted). To the extent that Mr. Russ may be alleging a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 *et seq.*, or the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, the ADEA's and the ADA's provisions incorporate the procedural rules of Title VII. *See McBride v. CITGO Petroleum Corp.*, 281 F.3d 1099, 1105 (10th Cir. 2002) (exhaustion of administrative remedies under the ADA "is a jurisdictional prerequisite to suit in the Tenth Circuit"); *Jones v. Runyon*, 32 F.3d 1454, 1456 (10th Cir.1994) (applying Title VII's exhaustion requirement and limitations period to the ADEA).

Exhausting administrative remedies entails compliance with applicable EEOC filing regulations. *Briones v. Runyon*, 101 F.3d 287, 289 (2d Cir. 1996). Unless a Title VII plaintiff files suit within ninety days of receiving a right-to-sue notice from the EEOC, he or she is foreclosed from bringing suit on the allegations made in the EEOC Charge of Discrimination. 42 U.S.C. § 2000e-5(f)(1). The 90-day time limit starts to run on the date the plaintiff receives the EEOC notice of right to sue. *Jackson v. Continental Cargo-Denver*, 183 F.3d 1186, 1189 (10th Cir. 1999). *See also Sherlock v. Montefiore Medical Center*, 84 F.3d 522, 525 (2d Cir. 1996) ("In order to be timely, a claim filed under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter").

The EEOC issued its Dismissal and Notice of Rights to Mr. Russ on August 25, 2006. (*See* doc. # 18 at p. 4 of 8). Mr. Russ initiated this civil action on November 24, 2006, 89 days after receipt of the EEOC right-to-sue letter. (*See* doc. # 18 at p. 2 of 8).

Mr. Russ' proposed amendment attempts to add new Defendants after the 90-day time limit for filing a Title VII suit has expired. The court is asked to determine whether the amendment adding the new Defendant relates back to the date the original Complaint was filed.

2.  Relation Back Doctrine

Under certain conditions, Fed. R. Civ. P. 15(c) allows the amendment of a complaint to add or change a party defendant after a limitations period has expired. *See Alpern v. UtiliCorp United, Inc.*, 84 F. 3d 1525, 1543 (8th Cir. 1996) (Fed. R. Civ. P. 15(c)'s "relation back doctrine is typically applied with reference to statutes of limitations."). In pertinent part, Rule 15(c) allows amendments to relate back to the date of the original pleading when:

> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the

action would have been brought against the party.

Fed. R. Civ. P. 15(c).[2] In order for an amendment adding a new party to relate back to the date of the original complaint, all the conditions set forth in Fed. R. Civ. P. 15(c) must be met. *Watson v. Unipress*, 733 F.2d 1386, 1389 (10th Cir. 1984). *See also Urrutia v. Harrisburg County Police Dept.*, 91 F.3d 451, 457 (3d Cir. 1996) (for claim "to relate back to the original complaint, all three conditions in Rule 15(c)(3) must be met").

The first condition is met, as Mr. Russ' proposed amendment arises out of the conduct, transaction, or occurrence underlying his original pleading. The second condition has two requirements, notice and the absence of prejudice, each of which must be satisfied. The parties to be named in the amendment must receive notice of the institution of this action within 120 days of the filing of the complaint such that they will not be prejudiced in maintaining a defense on the merits.

Here, the parties to be brought in by amendment received notice such that they will not be prejudiced. On August 28, 2006, Mountain Vista Health Center, Inc. received notice of Mr. Russ' Charge and its dismissal. (*See* doc. # 18 at p. 5 of 8 (identifying his employer as "Mountain Vista Health Center")). *See Roberts v.*

---

[2] Rule 4(m) provides in relevant part:
Time Limit for Service. If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

10

*Michaels*, 219 F.3d 775, 779 (8th Cir. 2000) ("by reason of their participation in the unemployment benefits hearing and the EEOC investigation," both the president and general manager and the corporation "'knew . . . that but for a mistake concerning the identity of the proper party, the action would have been brought against' the corporation.") (citing Rule 15(c)(3)(B). In his first filing with the court, Mr. Russ listed American Baptist Homes and Mountain Vista Health Care Center as Defendants. (*See* doc. # 1 at p. 1 of 6). In his initial Complaint, Mr. Russ alleged that Defendants Inhoff, Bebout, and Baker worked at American Baptist Homes and that "[t]he alleged unlawful employment practices took place at" Mountain Vista Health Care Center. (*See* doc. # 3 at pp. 1-2 of 10). The administrator for Mountain Vista Health Care Center notified Mr. Russ no later than March 16, 2007 that for the periods alleged in the Amended Complaint, he was employed by Mountain Vista Health Center, Inc., that Baptist Home Association of the Rocky Mountains owns and operates Mountain Vista Health Center, Inc. and that Mountain Vista Health Center, Inc. also does business as Vista Village Retirement Community. (*See* Affidavit of Rene Bebout (doc. # 26-2) at ¶¶ 1, 2, 6).[3] Mr. Russ promptly filed his ". . . Motion to Amend Service to Employers" on March 19, 2007, indicating he "will motion the Court to also Serve, American Baptist Homes and

---

[3]  The corporate records in the Office of the Colorado Secretary of State contain Articles of Incorporation dated October 12, 1990 for Mountain Vista Health Center, Inc. (*See* doc. # 40-2). The corporate records in the Office of the Colorado Secretary of State contain Amended and Restated Articles of Incorporation dated November 27, 1996 for Baptist Home Association of the Rocky Mountains, Inc. that changed its name from American Baptist Homes of the Midwest. (*See* doc. # 40-3). The corporate registration records in the Office of the Colorado Secretary of State indicate that on February 3, 1982, Baptist Home Association of the Rocky Mountains, Inc. registered "Mountain Vista Nursing Home, Inc." as a trade name. (*See* doc. # 40-4).

Mountain Vista Healthcare Center, the Employers." (*See* identical docs. # 28 and # 29). Mr. Russ filed this notice of his intent to serve American Baptist Homes and Mountain Vista Health Center, Inc. approximately 115 days after the filing of the original Complaint and 102 days after the filing of the Amended Complaint, within the 120-day time period prescribed by Fed. R. Civ. P. Rule 4(m). *See Urrutia*, 91 F.3d at 458 (Rule 15(c) provides that an amendment relates "back as long as the intended defendant received notice of the action within the period allowed for service of the summons and complaint as set forth in Fed. R. Civ. P. 4(m), or 120 days, whether or not the statute of limitations had expired in the interim.").

The parties to be named in the amendment had notice of Mr. Russ' claims. (*See, e.g.*, docs. # 1 and doc. # 3 (identifying "American Baptist Homes" and Mountain View Health Care Center"); doc. # 26-2 (Affidavit of Rene Bebout); docs. # 40-2, # 40-3, # 40-4). "Rule 15(c) does not require that a plaintiff actually amend his complaint within the Rule 4(m) period; it speaks only of notice, lack of prejudice, and reason to know of a mistake within that time." *Urrutia*, 91 F.3d at 458.

Nor has it has not been demonstrated to the court that the parties Mr. Russ seeks to add will be prejudiced in maintaining a defense on the merits, such as "assembling evidence and constructing a defense when the case is already stale." *See Nelson v. County of Allegheny*, 60 F.3d 1010, 1014-1015 (3d Cir. 1995) (citation omitted). Mr. Russ alleges that the events underlying his claims occurred between 2000 and 2005. (*See* docs. # 3, # 4).

Finally, the parties to be brought in by amendment knew or should have known

that, but for a mistake concerning the identity of the proper party, the action would have been brought against them. In the original Complaint, the Amended Complaint, and many other filings, Mr. Russ indicated his intent to sue his employer. Mr. Russ' initial decision to name only the individual Defendants was not a purposeful litigation strategy. As a legal matter, it is incorrect to sue individual supervisors under Title VII, the ADEA, and the ADA.[4] Thus, but for the legal mistake of this *pro se* plaintiff, the proposed additional Defendants knew or should have known that they would have been named in the complaint from the outset.

In sum, the court determines that the original Complaint, the Amended Complaint, and many other filings by Mr. Russ provided sufficient notice of Mr. Russ' claims to permit his proposed amendment to relate back to the November 24, 2006 filing date under Fed. R. Civ. P. 15(c).

Accordingly, IT IS ORDERED that:

1. Plaintiff Russ' ". . . Motion to Leave to Amend: Rule 15 - Title VII, Civil Rights Act - 1964 [sic]" (filed June 22, 2007) (doc. # 52) (docketed by the Clerk of the Court as "Motion to Amend/Correct/Modify" Complaint) is GRANTED.[5]

---

[4] In 1996, the Tenth Circuit Court of Appeals reiterated its established rule that "personal capacity suits against individual supervisors are inappropriate under Title VII." *Butler v. City of Prairie Village, Kan.*, 172 F.3d 736, 743 (10th Cir. 1999) (citations omitted). *See also Schrader v. E.G. & G., Inc.*, 953 F. Supp. 1160, 1165 (D. Colo. 1997) ("Title VII does not impose liability upon individual defendants").

[5] "Ordinarily, a magistrate judge's ruling on a motion to amend the complaint is a non-dispositive ruling subject to the clearly erroneous standard of review." *Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1157 (D. Kan. 2000) (citations omitted).

2. Mr. Russ' tendered amendment (doc. # 52 pp. 7-13 of 30) naming "Baptist Homes Association of the Rocky Mountains, Inc." and "Mountain Vista Health Care Center, Inc." is accepted as the Second Amended Complaint as of the date of this Order.

3. The four individual Defendants Robert Inhoff, Nancy Wilt, Rene Bebout, and Janice Baker are not named in the Second Amended Complaint and are dropped from this civil action.

DATED at Denver, Colorado, this 30th day of November, 2007.

BY THE COURT:

   s/Craig B. Shaffer   
United States Magistrate Judge

---

"This approach holds true particularly where the magistrate judge's order grants leave to amend and does not have the effect of removing any claim or defense." *Id.* (citation omitted).